IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 10-CV-22982/MOORE

MARTA BARRERA

    Plaintiff,

vs.

VALERO DORAL, INC., and
BASSAM SABAT,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT

THIS MATTER came before the Court upon Plaintiff's Renewed Motion for Final Default Judgment Pursuant to 29 U.S.C. § 216(b) as to Defendants for Claim, Fees and Costs Including Future Fees Regarding Collection of Default ("Motion for Default Judgment") (ECF No. 50). Defendants did not file a response.

This case involves a claim for overtime wages by Marta Barrera ("Barrera") against her former employers Defendants Valero Doral, Inc., and Bassam Sabbat pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-216(b), et seq. The Court entered a default against Defendants on June 7, 2011. See (Order ECF No. 46), but denied Barrera's motion for an award of damages and attorneys' fees. In an Order dated September 12, 2011, the Court explained it was denying Barrera's motion, because she failed to provide adequate proof of damages. See Order (ECF No. 50). Damages may be awarded only if the record adequately reflects the basis for award via ". . . a demonstration by detailed affidavits establishing the necessary facts." Adolph Coors Co. v. Movement Against Racism & Klan, 777 F.2d 1538, 1544 (11th Cir. 1985) (citing United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979)); see also SEC v. Smyth, 420 F.3d

1

1225, 1231-32 (11th Cir. 2005).

Barrera's affidavit (ECF 50-1) which accompanies her renewed motion is slightly more detailed than the affidavit she submitted in her prior motion for default judgment. It provides an adequate basis for the damages she claims. Additionally, it brings her asserted damages in line with her Statement of Claim (ECF No. 22) which was filed October 20, 2010, and put Defendants on notice of her claims before they abandoned their efforts to litigate this matter.

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that Plaintiff's Renewed Motion for Final Default Judgment Pursuant to 29 U.S.C. § 216(b) as to Defendants for Claim, Fees and Costs Including Future Fees Regarding Collection of Default (ECF No. 50) is GRANTED. It is further

ORDERED AND ADJUDGED that Defendants, Valero Doral Inc., and Bassam Sabat are jointly and severally liable to Plaintiff in the amount of $97,851.60 which sum shall bear post-judgment interest at the rate prescribed by 28 U.S.C. §1961, for which sum let execution issue. It is further

ORDERED AND ADJUDGED that Defendants, Valero Doral Inc., and Bassam Sabat are jointly and severally liable to Plaintiff for attorneys fees and costs in the amount of $7352.00.

This case remains closed.

DONE and ORDERED in Chambers in Miami, Florida this 11th day of January, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record
    Defendants